IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02947-GPG

MAURICE LAJUAN THOMPSON

    Applicant,

v.

TASHA DOBBS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Maurice LaJuan Thompson, is a prisoner currently detained at the Mesa county Detention Facility in Grand Junction, Colorado. On October 30, 2014, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2).

On November 5, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Thompson to show cause within thirty days why the Application and action should not be dismissed as repetitive of *Thompson v. Gurley,* Civil Action No. 14-cv-02806-BNB (D. Colo. Oct. 14, 2014), which is another habeas corpus action pending in this court. On November 14, 2014, Mr. Thompson submitted three documents titled "Temporary Injunction" (ECF No. 7), "Summons Order" (ECF No. 8), and "Brief of Authority" (ECF NO. 9) apparently in response to the November 5 order.

The Court must construe Mr. Thompson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) (A court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.)

Mr. Thompson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

As previously stated, the November 5 order (ECF No. 5) directed Mr. Thompson to show cause why the instant action should not be dismissed as repetitive of *Thompson v. Gurley,* Civil Action No. 14-cv-02806-BNB (D. Colo. Oct. 14, 2014). Magistrate Judge Boland warned Mr. Thompson that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, 9 F. App'x 996, 997 & n.1 (10th Cir. June 13,

2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

In No. 14-cv-02806-BNB, Mr. Thompson filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the legality of his pre-trial detention and the pending state criminal proceedings against him. In claim one, he alleges that the state trial judge is denying him the right to a fair trial. In clam two, he alleges that he was arrested without a valid warrant. In claim three, he contends that he has been denied a proper hearing while he has been detained in the Mesa County Detention Facility for over sixteen months. In the instant action, he asserts three similar claims involving similar allegations. In claim one, he alleges that the state trial judge has denied his motions without review of the merits. In claim two, he asserts that he was arrested without a warrant. In claim three, he asserts that he was denied preliminary hearings. Therefore, on November 5, Magistrate Judge Boland ordered Mr. Thompson to show cause within thirty days why the instant action should not be dismissed as repetitive of No. 14-cv-02806-BNB.

None of the documents Mr. Thompson filed on November 14, 2014 explain how the claims in this action are not virtually identical to the claims asserted in his other pending habeas corpus action. Therefore, the instant action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or malicious because the instant action is repetitive of No. 14-cv-02806-BNB.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Thompson files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the instant action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious because the instant action is repetitive of *Thompson v. Gurley,* Civil Action No. 14-cv-02806-BNB (D. Colo. Oct. 14, 2014).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of   November  , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court